UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BARBARA BAVIDO,**

    **Plaintiff,**

vs.                                                                 Case No. 6:06-cv-910-Orl-19KRS

**AMERICAN SECURITY INSURANCE COMPANY,**

    **Defendant.**

**ORDER**

This case comes before the Court on the Motion for Remand to State Court, filed by Plaintiff Barbara Bavido on July 17, 2006. (Doc. No. 9).

Plaintiff commenced the instant suit in Florida state court on May 9, 2006. (Doc. No. 2, filed on July 5, 2006). On July 5, 2006, Defendant American Security Insurance Company ("ASIC") removed the case to federal court based on diversity of citizenship grounds. (Doc. No. 1-1, filed on July 5, 2006).[1] According to the Notice of Removal, ASIC was served on or about May 22, 2006. (Doc. No. 1-1, ¶ 6). The Notice further states that at the time it was filed, thirty days had not yet expired since the action became removable to federal court. (*See id.* at ¶ 7).

Plaintiff now files a motion for remand, arguing that the notice of removal contains

---

[1] As the instant matter deals with the legal issue of remand, the Court will omit discussion of the factual allegations of the Complaint.

factual inaccuracies. Plaintiff argues that the Notice of Removal itself demonstrates that removal was improper, as it states that it was mailed to Plaintiff on July 3, 2006, and filed on July 5, 2006, well past the thirty-day removal requirement set forth in 28 U.S.C. Section 1446(b). (*See* Doc. No. 9-1, p. 2). Thus, Plaintiff requests that the Court remand the case back to Florida state court.

Although copies of this motion were mailed to ASIC's counsel on July 17, 2006, ASIC has not filed a brief in opposition as required under Local Rule 3.01(b). Failure to oppose the motion to remand raises an inference that there is no objection to such motion. *See* (Doc. No. 9; Local Rule 3.01(b) ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed")).

28 U.S.C. Section 1446(b) mandates that a notice of removal "shall be filed within thirty days" after defendant first receives notice of the action. *See* 28 U.S.C. § 1446(b). Although the removal period is mandatory, it is not jurisdictional. *See Harris Corp. v. Kollsman, Inc.*, 97 F.Supp.2d 1148, 1151 (M.D. Fla. 2000); *Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D. Fla.1993). Nevertheless, "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo v. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991).

Federal litigants cannot stipulate or ignore statutory time periods established by Congress or use Fed.R.Civ.P. 6(b) to enlarge statutory time periods. *Harris*, 97 F.Supp.2d at 1151. Thus, section 1446(b)'s mandatory removal period cannot be enlarged by court order, stipulation of the parties, or otherwise. *See id.*; *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405, 407 (C.D. Cal. 1972). A plaintiff may, however, waive its right

to object to removal on timeliness grounds. *See Weeks v. Fidelity and Casualty Company of New York*, 218 F.2d 503, 504 (5th Cir.1955) (failure to timely file notice of removal "may be waived, or objection to such failure may be precluded by estoppel."). This is generally accomplished only by "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Liebig*, 814 F.Supp. at 1076.

The Eleventh Circuit has emphasized that "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Fin. Corp*., 216 F.3d 945, 949 (11th Cir.2000) (quotations and citation omitted). Additionally, removal statutes are construed narrowly, and all uncertainties are resolved in favor of remand to the state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

The instant case must be remanded to state court. The date of service of the Notice of Removal to this Court is dated July 3, 2006 and was filed by ASIC on July 5, 2006. (*See* Doc. No. 1). This is well beyond the thirty-day time period allowed by section 1446(b). *See* 28 U.S.C. § 1446(b); *Harris*, 97 F.Supp.2d at 1151. Plaintiff has timely filed a Motion for Remand, and there is no evidence unequivocal assent or conduct of the parties of a sort which would render it offensive to fundamental principles of fairness to remand.

## Conclusion

Based on the foregoing, the Motion for Remand to State Court, filed by Plaintiff Barbara Bavido on July 17, 2006, (Doc. No. 9), is **GRANTED**. The instant case shall be remanded to the Ninth Judicial Circuit Court for Orange County, Florida. The Clerk shall

close this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _14th_ day of August, 2006.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Clerk of Court